**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2015 MSPB 24**

Docket No. DC-0752-14-0760-I-1

**Alesteve Cleaton,**

**Appellant,**

**v.**

**Department of Justice,**

**Agency.**

February 27, 2015

<u>Alesteve Cleaton</u>, Freeman, Virginia, pro se.

<u>Tara Chen</u>, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## OPINION AND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal.  For the reasons discussed below, we DENY the appellant's petition for review, AFFIRM the initial decision AS MODIFIED by this Opinion and Order, and SUSTAIN the appellant's removal.  We MODIFY the initial decision by addressing new evidence submitted on review that, we find, does not warrant a different outcome in this appeal.

BACKGROUND

¶2       The appellant was employed as a Correctional Officer with the Bureau of Prisons at the Federal Correctional Complex in Petersburg, Virginia. Initial Appeal File (IAF), Tab 5 at 10. On March 27, 2014, he pled guilty in the Circuit Court of Brunswick County, Virginia, to a felony charge of Possession of Marijuana with Intent to Distribute (Possession with Intent). *See id.* at 16. By order dated May 6, 2014, the court accepted the appellant's plea and found him guilty of Possession with Intent. *Id.* Effective May 31, 2014, the agency removed the appellant from his position pursuant to 5 U.S.C. § 7371, which provides that a law enforcement officer (LEO) must be removed from his LEO position if he is convicted of a felony. IAF, Tab 5 at 12.

¶3       The appellant filed an appeal of his removal with the Board but did not request a hearing. IAF, Tab 1. The appellant asserted that he was not convicted of a felony on May 6, 2014, and that he would be returning to court on June 24, 2014. *Id.* at 3. In support of this argument, the appellant submitted a document indicating that he was scheduled to appear in court on June 24, 2014, for a hearing on a Contempt charge. IAF, Tab 4.

¶4       Based on the written record, the administrative judge issued an initial decision dated October 3, 2014, affirming the appellant's removal. IAF, Tab 10, Initial Decision (ID) at 1, 5. The administrative judge found that the document the appellant submitted in support of his claim that he was not convicted of a felony on May 6, 2014, involved a Contempt charge for which a hearing was scheduled on June 24, 2014, and did not relate to his criminal conviction on the charge of Possession with Intent. ID at 3. The administrative judge noted that the record contained the May 6, 2014 court order entering the appellant's guilty plea and finding the appellant guilty of Possession with Intent. ID at 3; *see* IAF, Tab 5 at 16. Based on this evidence, the administrative judge found that the appellant was convicted of a felony and that his conviction was recorded on

May 6, 2014.  ID at 3.  Therefore, the administrative judge found that 5 U.S.C. § 7371 required that the appellant be removed from his LEO position.  ID at 3.

¶5      The appellant has filed a petition for review in which he asserts that on September 25, 2014, the court found that he was not guilty of Possession with Intent.  Petition for Review (PFR) File, Tab 1 at 5.  In support of this assertion, the appellant has submitted a form titled "Criminal History Record Name Search Request," which indicates that a search of the appellant's criminal history conducted on November 4, 2014, yielded no conviction data regarding the appellant. *Id.* at 6.

¶6      The agency has filed a response in opposition to the petition for review.  PFR File, Tab 3.  With its response, the agency has submitted the following documents:  (1) a plea agreement dated September 25, 2014, which provides, inter alia, for a no-contest plea to the charges of Possession with Intent and Contempt, and a stipulation by the appellant that the evidence is sufficient to convict him of both charges, *id.* at 9-15; and (2) a November 20, 2014 court order accepting the September 25, 2014 plea agreement and the appellant's plea.[1]  *Id.* at 7-8.  Pursuant to the agreement, in its November 20, 2014 order, the court found that there was sufficient evidence for a finding of guilt but withheld such a finding for 2 years on the condition that the appellant comply with the terms of the agreement, including 2 years of supervised probation.  *Id.* at 7.  If, at the end of the 2-year period, the appellant has complied with the agreement, both charges will be dismissed; however, if he violates the agreement, he will be found guilty as originally charged on both offenses and will be sentenced by the court.  *Id.*

---

[1] Although the agreement provides for a plea of no contest and the order initially states that the appellant pled no contest to the charges, the order subsequently states that the appellant pled guilty.  *See* PFR File, Tab 3 at 7, 9.  For purposes of our analysis, however, the distinction between a no-contest plea and a guilty plea is of no consequence.

## ANALYSIS

### We have considered the documents submitted on review.

¶7       The Board generally will not consider evidence submitted for the first time on review absent a showing that: (1) the documents and the information contained in the documents were unavailable before the record closed despite due diligence; and (2) the evidence is of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d)(1). We have considered the documents submitted on review because they postdate the close of the record below[2] and thus were unavailable before the close of the record despite the parties' due diligence.

### The appellant's removal is affirmed.

¶8       Under 5 U.S.C. § 7371(b), any LEO who is convicted of a felony shall be removed from employment as an LEO on the last day of the first applicable pay period following the conviction notice date. The term "conviction notice date" means the date on which an agency that employs an LEO has notice that the officer has been convicted of a felony that is entered by a federal or state court, regardless of whether that conviction is appealed or is subject to appeal. 5 U.S.C. § 7371(a)(1).

¶9       An employee who is removed under the provisions of 5 U.S.C. § 7371 is entitled to appeal his removal to the Board only with respect to whether: (1) he is an LEO; (2) he was convicted of a felony; or (3) the conviction was overturned on appeal. 5 U.S.C. § 7371(e)(2). The appellant did not dispute that his position was an LEO position. *See* ID at 3.

---

[2] Pursuant to the administrative judge's July 2, 2014 order closing the record, the record in this appeal closed on August 1, 2014. IAF, Tab 6.

¶10      The record reflects that on May 6, 2014, the Virginia Circuit Court of Brunswick County accepted the appellant's guilty plea and found him guilty of Possession of Marijuana with Intent to Distribute, thereby convicting him but deferring the imposition of a sentence. IAF, Tab 5 at 16. In its November 20, 2014 order, however, the Virginia Circuit Court of Brunswick County, in addressing charges of Possession of Marijuana with Intent to Distribute and Contempt, accepted a plea agreement and the appellant's plea of guilty, finding that there was sufficient evidence for a finding of guilt but withholding a finding of guilt for a period of 2 years. PFR File, Tab 3 at 7.[3] The circuit court placed the appellant on supervised probation during the 2-year period, holding that, if the appellant fully and successfully complied with certain terms and conditions, both charges would be dismissed. *Id*. If the appellant failed to comply with any of the terms and conditions, "he will be found guilty as originally charged on both offenses and will be sentenced by the Court with no agreement." *Id*. The circuit court did not, however, expressly address the prior conviction.

¶11      There is no dispute that the appellant was convicted of a felony. There is also no indication that the circuit court has expressly vacated that conviction. Even assuming, however, that the prior conviction is no longer in effect, the reason that it is no longer in effect is because of a plea agreement that led to a new court order, not because it was overturned on appeal. Under the maxim of statutory interpretation expressio unius est exclusio alterius, when Congress has enumerated specific things to which a statute applies, it should not be assumed that other things that could have been listed were meant to be included; rather, the specific mention of certain things implies the exclusion of others. *See Hart v. Department of Transportation*, [109 M.S.P.R. 280](#), ¶ 10 (2008). Here, therefore,

---

[3] The September 25, 2014 plea agreement predates the initial decision by 8 days, and the administrative judge was apparently unaware of this agreement when she issued the initial decision.

the appellant may not contest on appeal the question of whether his conviction is no longer in effect based upon reasons other than that his conviction was overturned on appeal. *See Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985) (the Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule or regulation).

ORDER

¶12      Accordingly, we DENY the appellant's petition for review, AFFIRM the initial decision AS MODIFIED by this Opinion and Order, and SUSTAIN the appellant's removal.

NOTICE TO THE APPELLANT REGARDING<br>YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals<br>for the Federal Circuit<br>717 Madison Place, N.W.<br>Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United

States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.